

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2009

# Nina Shahin v. DE Dept Fin

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Nina Shahin v. DE Dept Fin" (2009). *2009 Decisions*. Paper 669.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/669

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-246                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1656
_____

NINA SHAHIN,

Appellant

v.

STATE OF DELAWARE
DEPARTMENT OF FINANCE
_____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-0289)
District Judge: Gregory M. Sleet
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
July 16, 2009

Before:   MCKEE, FISHER and CHAGARES, Circuit Judges

(Filed: September 14, 2009)

_____

OPINION
_____

PER CURIAM

Nina Shahin, proceeding pro se, filed the underlying action alleging employment discrimination against the Department of Finance for the State of Delaware ("Delaware"). She alleges Delaware discriminated against her on the basis of age in December 2004 when it decided not to employ her. She later filed an amended complaint, which included ten additional alleged incidents of discrimination. In March 2008, the District Court granted in part and denied in part Delaware's motion to dismiss. The court denied the motion to the extent it that sought dismissal of Shahin's request for prospective injunctive relief, and granted it in all other respects. The court also denied Shahin's second motion to amend the original complaint as moot and her request for waiver of costs, and ordered that her amended complaint be stricken. Shahin appealed, and we dismissed the appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1291.

Delaware filed a motion for reargument, which the District Court treated as a motion for reconsideration, to which Shahin did not respond. Shahin filed motions to consolidate cases and for sanctions against counsel for Delaware. On February 25, 2009, the District Court granted Delaware's motion for reconsideration and dismissed the case, declining to exercise jurisdiction over any supplemental state law claims. The court also denied Shahin's motions as moot. Shahin timely appealed.

2

In this case, our review of the District Courts' orders is plenary.[1]  See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

A complaint brought under the Age Discrimination in Employment Act ("ADEA") "will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action."  Ruehl v. Viacom, Inc., 500 F.3d 375, 382 (3d Cir. 2007); 29 U.S.C. § 626(d).  This requirement is a "non-jurisdictional prerequisite."  Ruehl, 500 F.3d at 384.  The record reveals that Shahin exhausted only the claim that is the subject of her original complaint.  The District Court, therefore, properly struck the amended complaint, which attempted to add ten additional and unexhausted claims.  Likewise, the court properly exercised its discretion in denying Shahin's second

_____

[1]We generally review a district court's decision on a motion for reconsideration for abuse of discretion.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).  However, where, as in the instant appeal, the decision is "predicated on an issue of law, such an issue is reviewed de novo...."  Id.

3

motion to amend the complaint to add additional unexhausted claims because such an amendment would have been futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Shahin alleges that Delaware discriminated against her on the basis of age, in violation of the ADEA, and she seeks damages and injunctive relief. The ADEA includes in its definition of employer "a State or political subdivision of a State and any agency...of a state." 29 U.S.C. § 630(b)(2). However, the Supreme Court has held that, in the ADEA, Congress did not validly abrogate the states' sovereign immunity to suits for money damages by private individuals under the Eleventh Amendment. Kimel v. Fl. Bd. of Regents, 528 U.S. 62 (2000). The Eleventh Amendment permits suits for prospective injunctive relief against state officials. Ex Parte v. Young, 209 U.S. 123 (1908). However, this doctrine "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." Puerto Rico Aqueduct & Swer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (citations omitted). Shahin filed her suit against the Department of Finance and did not name any state officials.[2] Therefore, the District Court correctly dismissed this action.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

_____

[2]As discussed above, Shahin attempted to amend her complaint to include claims against state officials, but failed to exhaust her administrative remedies as to those claims.